UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH O. STODDARD,

    Plaintiff,

        v.                           Civil Action No.  12-857 (JEB)

U.S. PAROLE COMMISSION, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff Keith Stoddard has brought this *pro se* action against the U.S. Parole Commission, its chairman Isaac Fulwood, and two other USPC employees relating to his detention for a parole violation. Defendants now move to dismiss the Complaint on several independent grounds, including improper service and various forms of immunity. As Plaintiff has abjured any individual-capacity claims, and as the principles of sovereign immunity and administrative exhaustion protect the USPC itself here, the Court will grant the Motion.

**I.    Background**

According to his Amended Complaint, the truth of which must be presumed at this stage, Plaintiff was arrested in Virginia in March 2011 for driving under the influence. See Am. Compl. at 1. As a result, the USPC issued a parole-violator warrant for him "with instructions that [the] warrant be held in abeyance pending [the] outcome of [the Virginia] proceedings." Id. The warrant was nonetheless executed, and Plaintiff turned himself in on April 22. Id. at 2. He was thereafter taken to the D.C. Jail. Id. He never received a probable-cause hearing and was not released until July 6. Id. at 2-3. Plaintiff claims that such allegedly improper detention

1

caused him severe emotional distress and cost him his job and school enrollment. Id. at 3-5. The Amended Complaint, however, sets forth neither any cause of action nor any prayer for relief. As Plaintiff has been released from custody, the Court can only assume that he seeks monetary damages here.

Plaintiff's initial Complaint (ECF No. 1) named four Defendants: the USPC, Chairman Fulwood, and USPC employees David Wynn and Jequan Jackson. The last two were expressly named in their individual capacities. See Compl. at 1. On July 16, 2012, the Court issued a Minute Order advising Plaintiff that, if he wished to sue any Defendant in his individual capacity, he must effect service in the manner prescribed by Federal Rule of Civil Procedure 4(i)(3). On July 24, Plaintiff filed an Amended Complaint, which simply names as Defendants in its caption "U.S. Parole Commission, et., al." Am. Compl. at 1. The Court assumed at that point that Plaintiff wished to proceed against all Defendants in the fashion articulated in the original Complaint. Three days later, however, Plaintiff filed a "Notice to the Court," in which he mentioned his efforts at service and then concluded, "[P]laintiff will suspend his prosecution of these various officials being sued in their individual[] capacities, unless circumstances change." Notice at 2.

Defendants have now moved to dismiss Plaintiff's suit, asserting a number of infirmities.

## II.     Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police

v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction . . . ." Jerome Stevens Pharms, Inc. v. F.D.A., 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case — a dismissal under Rule 12(b)(1) on ripeness grounds — the court may consider materials outside the pleadings"); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

**III.   Analysis**

Although Plaintiff never identifies any actual cause of action, the Court, in an effort to extend the benefit of the doubt to a *pro se* litigant, will treat his suit as raising claims under 42 U.S.C. § 1983 for violations of his constitutional rights and under the Federal Tort Claims Act for tortious conduct. Unfortunately for Plaintiff, neither claim is availing.

   A.   Section 1983

Defendants first argue that "Plaintiff's Section 1983 claim against the USPC's employees should be dismissed because these employees are federal executive branch employees who at all times acted under color of federal, not state, law." Mot. at 8. They are indeed correct that "Section 1983 does not apply to federal officials acting under color of federal law." Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005). This issue is somewhat more

3

nuanced than it would first appear, however, because although the USPC is a federal entity, Congress required it to "assume the jurisdiction and authority of the Board of Parole of the District of Columbia . . . in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code." National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231, codified at D.C. Code § 24-131(a)(1). In dealing with such D.C. prisoners, therefore, it is not correct to argue that USPC employees are always federal employees who act under color of federal, not state, law. As Settles notes, "[A] cause of action under § 1983 will lie against the individual members of the Commission when acting pursuant to the Revitalization Act." 429 F.3d at 1104 (citation omitted).

The Court need proceed no farther into this thicket, however, because Plaintiff has expressly disclaimed any interest in pursuing this case against any Defendant in his individual capacity. See Notice at 2. A suit against a Defendant in his official capacity, furthermore, is equivalent to a suit against the entity itself. See Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself.") (citation omitted); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and should "be treated as a suit against the entity") (citations and internal quotation marks omitted). As a result, the Court must treat Plaintiff's § 1983 claim as one against the USPC only.

Yet, the doctrine of sovereign immunity blocks such a claim. Settles addressed the precise question of whether such immunity existed in a suit against the USPC:

> We find no clear statement that would make the [Parole] Commission itself subject to liability under § 1983. The 1979

>   amendment making § 1983 applicable to persons acting under
>   color of the laws of the District of Columbia . . . provides no
>   statement or other indication that Congress intended to subject
>   federal entities to § 1983 liability. . . . [¶] Nor does § 11231(a)(1)
>   of the Revitalization Act, 111 Stat. at 745, indicate that the
>   Congress intended to subject the Commission to § 1983 liability.
>   The plain language adds to the Commission's jurisdiction, but does
>   not state that, in exercising its new jurisdiction over D.C. Code
>   offenders, the Commission would be acting as the D.C. Parole
>   Board, which the Revitalization Act abolished. . . . Despite its
>   role in administering parole for D.C. Code offenders, the
>   Commission retains the immunity it is due as an arm of the federal
>   sovereign.

429 F.3d at 1105-06 (internal citations omitted). As the USPC is entitled to sovereign immunity, the Court has no subject-matter jurisdiction to entertain Plaintiff's § 1983 claim against it.

   B.  Federal Tort Claims Act

Another potential claim encompassed in Plaintiff's Amended Complaint is one under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). "Under the FTCA, plaintiffs may sue the United States in federal court for state-law torts committed by government employees within the scope of their employment. But the FTCA does not create a statutory cause of action against individual government employees." Harbury v. Hayden, 522 F.3d 413, 416 (D.C. Cir. 2008) (internal citation omitted). A claim must, therefore, be treated as one against the United States itself.

  If Plaintiff is alleging a constitutional tort, such a claim is not cognizable under § 1346(b) because "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994). Alternatively, to the extent Plaintiff's FTCA claim arises from Defendants' alleged violation of 28 C.F.R. § 2.101, which he cites, see Am. Compl. at 2, such a claim is not actionable under § 1346(b). Under the FTCA, the United States may be sued only "under circumstances where . . . a private person[ ]

5

would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  Because "a private person could not be sued under District of Columbia law for failing to adhere to a legal requirement imposed on a federal agency, here the requirement that parolees receive timely parole revocation decisions," Pate v. United States, 328 F. Supp. 2d 62, 76 (D.D.C. 2004), Plaintiff's FTCA claim arising from an alleged violation of § 2.101 is not actionable.

His only possible avenue of relief under the FTCA is thus via a state-law claim, such as wrongful imprisonment.  Yet, the waiver of sovereign immunity under the FTCA is limited, and it requires that Plaintiff exhaust any administrative remedies before filing suit.  See 28 U.S.C. § 2675; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Plaintiff bears the burden of proving exhaustion, see GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987), which is a jurisdictional prerequisite to filing an FTCA lawsuit.  See McNeil, 508 U.S. at 113

In this case, before filing suit, Plaintiff sent an intent-to-sue letter to Defendants on May 11, 2012.  See Mot., Attach. 3 (Declaration of Johanna E. Markind), Exh. 20 (Plaintiff's Letter). Four days later, the USPC's General Counsel responded to Plaintiff's letter by informing him that the proper procedure for filing an administrative claim against the United States is to complete an SF-95 form, which she attached to the letter.  See Markind Decl., Exh. 21 (Chickinell Letter).  Defendants assert that the USPC has no record that Plaintiff ever submitted an SF-95 form, and Plaintiff has not indicated or provided any documentation to the contrary. See Mot. at 19-20.  Defendants also note that a search of the USPC's administrative claims reveals that it received no SF-95 forms, nor any other administrative claim, from Plaintiff

between May 11, 2012, and August of 2012.  See Markind Decl., ¶ 14.  Because Plaintiff failed to exhaust the required administrative procedures before filing suit, this Court lacks jurisdiction over his claims.  See Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997) (FTCA's requirement to exhaust administrative remedies is jurisdictional).  As such, Plaintiff's FTCA claim must be dismissed.

**IV.   Conclusion**

  For the foregoing reasons, the Court will issue a contemporaneous Order dismissing the case without prejudice for lack of subject-matter jurisdiction.

                /s/ *James E. Boasberg*
                JAMES E. BOASBERG
                United States District Judge

Date:  October 26, 2012